UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| GERALDINE INGRAM O/B/O JANAY INGRAM, | : : : | | |
| Plaintiff, | : : | Civil Action No.: | 05-0740 (RMU) |
| v. | : : | Document Nos.: | 6, 9 |
| JO ANNE B. BARNHART, Commissioner of Social Security | : : : | | |
| Defendant. | : : | | |

**MEMORANDUM OPINION**

GRANTING THE PLAINTIFF'S MOTION FOR JUDGMENT OF REVERSAL; DENYING THE
DEFENDANT'S MOTION FOR JUDGMENT OF AFFIRMANCE; REMANDING FOR FURTHER ACTION

**I. INTRODUCTION**

Geraldine Ingram, on behalf of her daugher, Janay Ingram ("the plaintiff"), claims that she is entitled to Supplemental Security Income ("SSI") due to her daughter's congenital deformity. The defendant, the Commissioner of Social Security, denied the plaintiff's request for benefits, relying on an Administrative Law Judge's ("ALJ") ruling that the plaintiff can ambulate effectively.[1] Before the court are the plaintiff's motion for judgment of reversal and the defendant's motion for judgment of affirmance. Because the ALJ failed to apply the correct legal standard in determining whether the plaintiff can ambulate effectively, the court grants the plaintiff's motion for judgment of reversal, denies the defendant's motion for judgment of affirmance, and remands the matter to the Social Security Administration for further action.

---

[1] "Inability to ambulate effectively means an extreme limitation of the ability to walk; i.e., an impairment that interferes very seriously with the child's ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 404.1525, Appendix 1, Part B, 101.00(B)(2)(a).

## II. BACKGROUND

### A. Factual Background

Janay Ingram is a five-year-old child who was born with Streeter's Syndrome, a congenital deformity of her left leg and foot. Administrative R. ("AR") at 14; Pl.'s Mot. for J. of Reversal ("Pl.'s Mot.") at 2. As a result of this syndrome, the plaintiff's foot is "in somewhat of a clubbed position." AR at 14. The plaintiff had emergency surgery for decompression of her left leg and foot at birth, Def.'s Mot. for J. of Affirmance ("Def.'s Mot.") at 4, and she had two more surgeries afterwards, Pl.'s Mot. at 2; *see also* AR at 15. Nevertheless, the plaintiff's "foot and leg remain grossly deformed, she walks with a Trendelenburg gait,[2] has a leg length discrepancy, bowing, and internal tibial torsion, and she wears a leg and foot brace." Pl.'s Mot. at 2; *see also* AR at 15. "The plaintiff does not walk well," AR at 16, and she cannot walk more than half a block at a time,[3] Pl.'s Mot. at 2.

On May 16, 2002, Dr. Julian Perry from the District of Columbia's Disability Determination Services evaluated the plaintiff. AR at 15. Dr. Perry concluded that the plaintiff's impairment was not severe because she has some motor movement in her left foot. AR at 15,

---

[2]   A Trendelenburg gait is an unbalanced gait, caused by paralysis of the gluteus medius muscle. "The medical significance of a Trendelenburg is that it makes abduction of the thigh more difficult." *Williams v. Bowen*, 859 F.2d 255, 257 (2d Cir. 1988).

[3]   At a December 2, 2003 hearing before the ALJ, Geraldine Ingram testified that the plaintiff "does not get around like everybody else . . . [s]he complain[s] about her legs a lot and when I take her to school in the morning, I got to take her in her chair [inaudible] in the morning because she can't do too much walking on that leg." Administrative R. ("AR") at 179. When asked by the ALJ whether the plaintiff could do "some walking," the plaintiff's mother answered, "She can walk some, but when you go to the half of the block, you picking her up because she complain about her leg hurting." *Id*. The plaintiff's mother further stated that the plaintiff wears a brace from her foot to her thigh and that she would fall without it. AR at 16. The ALJ considered the mother's testimony to be "generally credible." *Id.*

154.  In contrast, on November 7, 2002, the plaintiff's treating physician, Dr. John Delahay, determined that her gross motor development was constrained due to the leg deformity and leg length disparity.  AR at 14, 162.  Dr. Delahay prescribed a long leg brace and commented "Janay is at risk for developing further deformity due to congenital anomalies of growth plates of left leg bones.  Leg lengths are not the same."  AR at 14.  He further stated that fine and gross motor function were normal for a two year old child.  *Id.*

On November 21, 2002, Dr. Perry reviewed the evidence again and this time concluded that the plaintiff did have a severe impairment, but that her impairment did not medically or functionally equal an impairment on the Social Security Administration's Listing of Impairments.[4]  AR at 15, 165-169.  He noted that the plaintiff walks with an ankle-foot orthosis, but that her gait is more stable without it.  *Id.*  "This assessment was affirmed by Dr. Isabel Pico [of the District of Columbia's Disability Determination Division] on January 29, 2003."  AR at 15.

### B.  Procedural History

Geraldine Ingram applied for SSI on behalf of the plaintiff on October 18, 2002.  AR at 12.  Her "claim was denied initially and on reconsideration."  *Id.*  Afterward, the plaintiff filed a timely request for hearing before an ALJ.  *Id.*  The ALJ denied the plaintiff's claim for SSI benefits in a decision dated June 23, 2004, concluding that the plaintiff has a severe impairment but that the impairment does not medically or functionally equal a listed impairment.  AR at 16,

---

[4]  "The Listing of Impairments describes, for each major body system, impairments that are considered severe enough to prevent a person from doing any gainful activity (or in the case of children under age 18 applying for SSI, cause marked and severe functional limitations)."  Disability Evaluation Under Social Security, Listing of Impairments (June 2006), *available at* http://www.ssa.gov/disability/professionals/bluebook/listing-impairments.htm; *see also* 20 C.F.R. § 404.1525.

19. The plaintiff sought review of the ALJ's decision by the Appeals Council. Def.'s Mot. at 2. On February 11, 2005 the Appeals Council denied review. The plaintiff then filed this suit, seeking a judgment reversing the Commissioner's final decision pursuant to 42 U.S.C. § 405(g), 1383(c)(3). *Id.* The defendant, conversely, filed a motion for judgment of affirmance. The court now turns to the merits of the motions.

### III.  ANALYSIS

**A.  Legal Standard for Review of Final Decision of the Commissioner of Social Security**

Federal district courts have jurisdiction over civil cases challenging the final decision of the Commissioner of Social Security. Social Security Act, 42 U.S.C. § 405(g). In seeking judicial review of a final determination of the Social Security Commission, the plaintiff bears the burden of demonstrating that the Commissioner's decision is not based on substantial evidence or that incorrect legal standards were applied. *Curry v. Apfel*, 209 F. 3d 117, 112 (2d Cir. 2000); *Jones v. Shalala*, 1994 WL 776887 (D.D.C. August 31, 1994) at **2. 42 U.S.C. § 405(g) states that

> [t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a hearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]

*Id.* While the reviewing court affords considerable deference to the decision rendered by the ALJ and the Appeals Council, the court remains obligated to ensure that any decision rests upon substantial evidence. *See Richardson*, 402 U.S. 389. Accordingly, this standard of review "calls for careful scrutiny of the entire record," to determine whether the Commissioner, acting through

the ALJ, "has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits[.]" *Butler v. Barnhart*, 353 F. 3d 992, 999 (D.C. Cir. 2004) (citing *Simms v. Sullivan*, 877 F. 2d 1047, 1050 (D.C. Cir. 1989)).  As the D.C. Circuit stated,

> In a disability proceeding, the ALJ "has the power and the duty to investigate fully all matters in issue, and to develop the comprehensive record required for a fair determination of disability."  The Commissioner's ultimate determination will not be disturbed if it is based on substantial evidence in the record and correctly applies the relevant legal standards.

*Id.* (quoting *Simms,* 877 F. 2d at 1050).

### B. The ALJ's Decision was Based on the Wrong Legal Standard

In determining whether a child is disabled for the purpose of receiving benefits, the SSA uses a four step evaluation.  20 C.F.R. § 416.924(a).  Under the four step evaluation, the SSA must determine: (1) whether the child is engaged in substantial gainful activity; (2) whether the child has one, or a combination of, impairments that are considered severe; (3) whether the child's impairment meets or equals any impairment listed in 20 C.F.R. § 404.1525, Appendix 1, Part B;[5] and (4) if the child's impairment does not equal a listed impairment, whether the child's impairment functionally equals any listed impairment.  *Id.*  Although the ALJ concluded that the plaintiff never performed substantial gainful employment (step 1) and that she is severely impaired due to the congenital deformity of her left lower extremity (step 2), he denied the plaintiff's claim for benefits because he determined the plaintiff's deformity did not meet a listed impairment (step 3) and because he determined that the plaintiff's deformity did not functionally equal a listed impairment (step 4).  AR at 19.

The plaintiff argues that the ALJ applied the wrong legal standard for determining

---

[5] *Available at* http://www.ssa.gov/disability/professionals/bluebook/ general-info.htm.

whether the plaintiff's impairment meets a listed impairment.[6] Pl.'s Mot. at 4-5. The defendant glosses over the plaintiff's argument that the ALJ applied the wrong legal standard and instead states that "substantial evidence" supports the ALJ's decision. Def.'s Mot. at 8.

Under Listing 101.02, a major dysfunction of a joint characterized by gross anatomical deformity with involvement of one major peripheral weight-bearing joint (such as the hip, knee, or ankle), resulting in an inability to ambulate effectively, constitutes a impairment for purposes of receiving SSI. AR at 16. Although the ALJ found that the plaintiff has a "gross anatomical deformity with involvement of one major weight-bearing joint," he found "no evidence of an inability to ambulate effectively." He determine, therefore, the plaintiff's condition does not medically equal Listing 101.02. AR at 17. Because the ALJ did not use the correct standard in determining whether the plaintiff can ambulate effectively, the court grants the plaintiff's motion for judgment of reversal.

The pertinent regulations define an inability ambulate effectively as an "extreme limitation of the ability to walk; i.e., an impairment that interferes very seriously with the child's ability to independently initiate, sustain, or complete activities." AR at 16; *see also* 20 C.F.R. § 404.1525, Appendix 1, Part B, 101.02(B). Specifically, Listing 101.00(B)(3) states:

> Older children, who would be expected to be able to walk when compared to other

---

[6] The plaintiff also argues that the ALJ's review is incomplete because he failed to request additional relevant medical records. Pl.'s Mot. at 9-10. Specifically, the plaintiff argues that the ALJ failed to obtain: (1) records from a doctor who treated the plaintiff from August 17, 2000 through March, 2002 and performed her initial surgery on April, 2001; (2) records from the plaintiff's primary care physician; (3) records from Georgetown University Hospital regarding the plaintiff's second surgery in June 2002; (4) records from any treating source for the period of July 2002 through June 2004 (Dr. Delahay wrote a report dated February 20, 2003 and answered a questionnaire from Disability Determination Services in November 2002). *Id.* Because the court rules that the ALJ applied the incorrect legal standard in analyzing the plaintiff's claim, the court does not reach this argument.

> children the same age who do not have impairments, must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out age-appropriate activities. They must have the ability to travel age-appropriately without extraordinary assistance to and from school or a place of employment.

20 C.F.R. § 404.1525, Appendix 1, Part B, 101.00(B)(3). Examples of an inability to ambulate effectively in children include, but are not limited to, the following:

> [t]he inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out age-appropriate school activities independently, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail.

*Id.*

The ALJ determined that the plaintiff could ambulate effectively because she does not need a hand-held assistive device to walk and because she can walk with a foot brace. AR at 17. But, "[t]he ability to walk independently. . . without the use of assistive devices does not, in and of itself, constitute effective ambulation." 20 C.F.R. § 404.1525, Appendix 1, Part B, 101.00(B)(3). In other words, the plaintiff's ability to ambulate without a hand-held device and her ability to ambulate with the use of a brace is not dispositive of whether she can ambulate effectively.

In addition to basing his conclusion on factors that are not dispositive, the ALJ did not analyze factors that are specifically mentioned in the regulations, such as: (1) whether the plaintiff is capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out age-appropriate activities, (2) whether the plaintiff can travel to and from school without extraordinary assistance, or even (as mentioned in the examples listed in the regulations) (3) whether the plaintiff can walk a block at a reasonable pace on rough or uneven

surfaces. AR at 17. Indeed, the plaintiff's situation appears to be very similar to the examples of an inability to ambulate effectively provided in the regulations. Namely, the plaintiff has trouble walking more than a half of block, and she needs wheelchair transportation and assistance to travel to pre-school in the morning.[7] 20 C.F.R. § 404.1525, Appendix 1, Part B, 101.00(B)(3) (listing the inability to walk a block as an example of an inability to ambulate effectively). Because the ALJ based his decision on factors that are not dispositive of whether a claimant can ambulate effectively, while ignoring others, the court remands this case to the ALJ to apply the complete legal standard for determining if a child has the ability to ambulate effectively.[8] *Blizzard v. Barnhart*, 2005 WL 946728 at * (S.D.N.Y. 2005) (concluding that a remand is appropriate if the ALJ fails to properly address the inability to ambulate effectively).

---

[7] The ALJ explains that Dr. Delahay's opinion that the plaintiff is disabled was not given the appropriate controlling weight authority, 20 C.F.R. 416.927(d), because his opinion does not apply the correct definition of disabled. AR at 15. The ALJ, however, does not explain why Dr. Delahay's other medical determinations, such as his determination that ambulation causes extreme fatigue for the plaintiff, were not given the appropriate controlling weight authority.

[8] The plaintiff also argues that the ALJ failed to fully develop the record by obtaining all relevant medical records. When the ALJ reconsiders whether the plaintiff's condition medically equals Listing 101.02, the ALJ may decide to request additional medical records, if he believes the evidence submitted by the plaintiff was inadequate. *See Cook v. Heckler*, 783 F. 2d 1168, 1173 (4th Cir. 1986) (citing *Walker v. Harris*, 642 F. 2d 712, 714 (4th Cir. 1981) (stating that "the ALJ has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record, and cannot rely only on the evidence submitted by the claimant when that evidence is inadequate").

## IV.  CONCLUSION

For the foregoing reason, the court grants the plaintiff's motion for judgment of reversal and remands this matter to the Social Security Administration for a new administrative hearing. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 22nd day of May, 2007.

RICARDO M. URBINA
United States District Judge
